UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ADEM BADOGLU, on behalf of himself and others similarly situated, | : | **CASE: 1:26-CV-2945 (RPK)(SDE)** |
| | : | |
| | : | |
| Plaintiff, | : | **DEFENDANTS' ANSWER** |
| | : | **with** |
| v. | : | **AFFIRMATIVE DEFENSES** |
| | : | **TO THE COMPLAINT** |
| AKSARAY, INC., BAKI GUVEN and YUSUF ALBARDAK | : | |
| | : | |
| | : | |
| Defendants, | : | |
| | : | |

---

Defendants AKSARAY, INC., BAKI GUVEN, and YUSUF ALBARDAK by and through

their undersigned attorneys, AKIN & SALAMAN PLLC., for their Answer to the Complaint state as

follows:

## **INTRODUCTION**

1.      Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that

Plaintiff seeks to invoke the jurisdiction and supplemental jurisdiction of the Court under the statutes

referred to therein, and respectfully refer the Court to 12 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 29

U.S.C. § 201, *et seq.,* for a complete and accurate statement of their contents.

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that

venue is proper in this District as to Plaintiff's Fair Labor Standards Law ("FLSA") claims, and refer

all matters of law to the Court; Defendants further deny that venue is proper in this District as to any

of Plaintiff's claims brought pursuant to New York state laws, rules, and/or regulations.

## **AS TO THE PARTIES**

3.      Defendants admit the allegations set forth in paragraph "3" of the Complaint.

4.      Defendants admit the allegations set forth in paragraph "4" of the Complaint.

5.      Paragraph "5" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "5" of the Complaint and refer all matters of law to the Court.

6.      Paragraph "6" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "5" of the Complaint and refer all matters of law to the Court.

7.      Defendants deny the allegations set forth in paragraph "7" of the Complaint except admit that Plaintiff worked for the Restaurant from approximately September 2022 until approximately May 2024.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

8.      Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a collective action or that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, and respectfully refer the Court to 29 U.S.C. § 216(b) for a complete and accurate statement of its contents.

9.      Defendants deny the allegations set forth in paragraph "9" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, or that Plaintiff are similarly situated to other individuals within the meaning of the FLSA.

10.     Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, or that Plaintiff are similarly situated to other individuals within the meaning of the FLSA.

## AS TO RULE 23 CLASS ALLEGATIONS – NEW YORK

11.     Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein.

12.     Defendants deny the allegations set forth in paragraph "12" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, or that Plaintiff are similarly situated to other individuals within the meaning of the New York Labor Law ("NYLL").

13.     Defendants deny the allegations set forth in paragraph "13" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the NYLL, or that there are more than forty (40) members of the alleged Class.

14.     Defendants deny the allegations set forth in paragraph "14" of the Complaint. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, or that Plaintiff are similarly situated to other individuals within the meaning of the NYLL.

15.     Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16.     Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17.     Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18.     Defendants deny the allegations set forth in paragraph "18" of the Complaint, including all subparagraphs (a) through (h) thereto.

## AS TO FACTS

19.     Defendants deny the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the Court to the Consent Form.

20.    Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21.    Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22.    Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23.    Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.    Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.    Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.    Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.    Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.    Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.    Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.    Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31.    Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32.    Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33.    Defendants deny the allegations set forth in paragraph "33" of the Complaint.

### AS TO THE FIRST CLAIM FOR RELIEF
*(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, et seq.)*
*(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)*

34.    In response to the allegations set forth in paragraph "34" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "33" of the Complaint as if each were fully set forth herein.

35.    Paragraph "35" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "35" of the Complaint and refer all matters of law to the Court.

36.    Paragraph "36" of Plaintiff's Complaint sets forth legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "36" of the Complaint and refer all matters of law to the Court.

37.     Paragraph "37" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "37" of the Complaint and refer all matters of law to the Court.

38.     Paragraph "38" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "38" of the Complaint and refer all matters of law to the Court.

39.     Defendants deny the allegations set forth in paragraph "39" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

## AS TO THE SECOND CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 20 U.S.C. § 201, et seq.)
### (Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)

40.     In response to the allegations set forth in paragraph "40" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "39" of the Complaint as if each were fully set forth herein.

41.     Paragraph "41" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "41" of the Complaint and refer all matters of law to the Court.

42.     Paragraph "42" of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph

"42" of the Complaint and refer all matters of law to the Court.

43.    Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.    Defendants deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

### AS TO THE THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650, et seq.)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

45.    In response to the allegations set forth in paragraph "45" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "44" of the Complaint as if each were fully set forth herein.

46.    Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.    Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.    Defendants deny the allegations set forth in paragraph "48" of the Complaint.

### AS TO THE FOURTH CLAIM FOR RELIEF
**(N.Y. Lab. L. §§ 650, et seq., N,Y. Comp. Codes R. & Regs. Tit. 12, §146-1.4)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

49.    In response to the allegations set forth in paragraph "49" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "48" of the Complaint as if each were fully set forth herein.

50.    Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.    Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in paragraph "52" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

**AS TO THE FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

53.     In response to the allegations set forth in paragraph "53" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "52" of the Complaint as if each were fully set forth herein.

54.     Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in paragraph "55" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

**AS TO THE SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR §146-1.6)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

56.     In response to the allegations set forth in paragraph "56" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "55" of the Complaint as if each were fully set forth herein.

57.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

**AS TO THE SEVENTH CLAIM FOR RELIEF**
*(New York Wage Notice and Statement Requirements,*
*N.Y. Lab. L. §§ 195, 198)*
*(Brought by Plaintiff on Behalf of Himself and the Class)*

59.     In response to the allegations set forth in paragraph "59" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "58" of the Complaint as if each were fully set forth herein.

60.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Complaint, except admit that Plaintiff purport to assert and proceed under the claims referred to therein. Defendants further deny that this action is appropriately maintained as a class or collective action, that any relief is due and owing, that Plaintiff are similarly situated to other individuals within the meaning of the FLSA, or that there are more than forty (40) members of the alleged Class.

**AS TO THE PRAYER FOR RELIEF**

Defendants deny that Plaintiff or the purported class or collective action members are entitled to a judgment or any of the relief set forth in the "Prayer for Relief" and the "Wherefore" clause of the Complaint, including all subparagraphs (a) through (j) thereto.

## AS TO THE JURY DEMAND

Defendants neither admit nor deny the allegations set forth in the "Demand For Jury Trial" of the Complaint because it states demand for a jury trial to which no responsive pleading is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.      Defendants BAKI GUVEN, and YUSUF ALBARDAK are not proper Defendants in this action because they were not, and are not, Plaintiff's "employer" within the scope of the FLSA or NYLL.

2.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3.      The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part, by the applicable statute of limitations.

4.      The Plaintiff and/or the putative collective and class action members received full payment for all work performed, barring any further or other recovery.

5.      Defendants are entitled to an offset against any amounts due (which are denied), in an amount equal to the amount Defendants paid, or overpaid, Plaintiff and/or the putative collective and class action members.

6.      The claims of Plaintiff and/or the putative collective and class action members are barred, because any recovery from Defendants would result in the unjust enrichment of Plaintiff.

7.      The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, *res judicata*, collateral estoppel, and/or the applicable statute of limitations.

8.      The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part by (a) non compensable time, (b) neutral time-rounding policy, (c) lawful meal credits, (d) acknowledgement and consent and (e) the doctrine of *in pari delicto.*

9.      The claims of Plaintiff and/or those of the putative collective and class action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL and had reasonable grounds for believing they were in compliance with the FLSA and NYLL. Defendants assert a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages made by Plaintiff and/or those of some or all of the putative collective and class action members.

10.     Plaintiff's claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

11.     Plaintiff and/or the putative collective and class action members are not entitled to any equitable relief because they have an adequate remedy at law.

12.     The Complaint fails to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), including, inter alia, the requirement that Plaintiff be a proper collective or class

action representative. Therefore, this action may not be maintained as a collective action, and Plaintiff cannot sue as a representative party.

13.     Plaintiff cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

14.     This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL.

15.     The Complaint's collective action allegations should be dismissed because independent and individual analyses of Plaintiff and the putative collective action members' claims and Defendants' defenses to such claims are required.

16.     Plaintiff cannot offer a model of damages that is amenable to collective action treatment.

17.     Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

18.     Plaintiff and/or the putative collective or class action members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

19.     Collective action relief is not appropriate because one or more individuals who wish to serve as a collective action representative have interests that may conflict with the interests of the putative collective.

20.     Plaintiff and the putative collective and class action members' claims are barred to the extent that Plaintiff lacks standing to bring them. In particular, Plaintiff, as a former employee, lacks standing to represent the putative collective or class of current employees of Defendants because he cannot

seek injunctive relief. For these and other reasons, Plaintiff is an inadequate collective and class action representative as well.

21.     All decisions made with respect to Plaintiff and/or the putative collective or class action members and all actions taken with respect to their employment were/are made without malice, ill will, fraud, oppression, or any other improper motive.

22.     To the extent Plaintiff and/or the putative collective or class action members seek punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and the corresponding state constitutional provisions.

23.     Plaintiff's and/or the putative collective or class action members' claims for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

24.     If Plaintiff and/or any putative collective or class action members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative collective or class action members over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

25.     Even if Defendants have, in fact, failed to pay Plaintiff and/or any putative collective or class action members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under

the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

26.     Plaintiff and/or the putative collective or class action members are not entitled to overtime compensation because he/they were exempt from the overtime provisions of the New York Labor Law under one or more exemptions, or combination of exemptions, pursuant to Section 142-2.2 of the Minimum Wage Order for Miscellaneous Industries and Occupations.

27.     Plaintiff and/or the putative collective or class action members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

28.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff and/or putative collective action members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

29.     At all times, Defendants reasonably believed in good faith that they provided Plaintiff and/or putative collective or class action members with adequate notice of wage information pursuant to New York Labor Law § 195(1).

30.     To the extent Plaintiff seeks penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

31.     To the extent discovery reveals that Plaintiff and/or the putative collective or class action members falsely reported their hours or tips, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff and/or the putative collective or class action members.

32.     Plaintiff and/or some or all of the putative collective or class action members are not entitled to declaratory or injunctive relief.

33.     Plaintiff and/or some or all of the putative collective or class action members are not entitled to pre-judgment or post-judgment interest.

34.     Plaintiff and/or some or all of the putative collective or class action members are not entitled to attorney's fees.

35.     Plaintiff and/or some or all of the putative collective or class action members are not entitled to costs and expenses.

36.     Some or all of the affirmative or other defenses asserted herein may apply to the claims that may be asserted by some or all of the allegedly "similarly situated" persons, as described in the Complaint.

37.     Plaintiff and/or some or all of the putative collective or class action members' claims are barred, in whole or in part, to the extent that the work he/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, et seq., and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

38.     To the extent Plaintiff and/or putative collective or class action members seek a trial by jury, Defendants assert that whether and to what extent Plaintiff and/or putative collective or class action members are entitled a trial by jury must be determined by the Court.

39.     In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff or any putative collective or class action member who joins this action as those claims become known during this litigation.

40.     Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action, including but not limited to all defenses available to them under the FLSA and NYLL, and NYCHRL.

**WHEREFORE,** Defendants respectfully request judgment in its favor, the dismissal of the Complaint in the above-captioned action, and the entry of judgment in favor of Defendants, together with costs and disbursements incurred in the defense of the above-captioned action and any other relief this Court may deem just and proper.

Dated: New York, New York
         June 19, 2026

AKIN & SALAMAN, PLLC
Attorneys for Defendants

*Zafer A. Akin*

_____
Zafer A. Akin, Esq.
45 Broadway, Suite 1420
New York, New York 10006
Telephone (212) 825-1400
zafer@akinlaws.com

**TO:**

JOSEPH & KIRSCHENBAUM LLP
Attn: D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff*
*proposed FLSA Collective Plaintiffs,*
*and proposed Class*