**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------x**
**ADEM BADOGLU, on behalf of himself and others similarly situated,**

**CASE NO. 26 CV 2945**

**Plaintiff,**

**v.**

**AKSARAY, INC., BAKI GUVEN, and YUSUF ALBARDAK,**

**Defendants.**
**---------------------------------------------------x**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10006
212-688-5640

*Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

**TABLE OF CONTENTS**


I. PRELIMINARY STATEMENT ..... 1

II. STATEMENT OF FACTS ..... 1

III. ARGUMENT ..... 2

A. Legal Standard For Conditional Certification And Court-Authorized Notice ..... 2

B. Plaintiff Has Made The Modest Factual Showing Required For Conditional Certification 5

C. The Underlying Merits Of The Case Are Immaterial To The Determination Of Conditional Certification And Notice ..... 6

D. The Proposed Notice Of Pendency Is Fair And Adequate ..... 7

E. Notice Should Be Sent To All Putative Collective Members Who Worked For Defendants On Or After May 18, 2023 ..... 7

F. Discovery of Potential Opt-In Plaintiffs' Names and Contact Information is Proper and Necessary ..... 8

IV. CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Cases**

*Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484 (S.D.N.Y. 2009) .............................. 2

*Barron v. Casa Luis Corp.*, No. 20 CV 2713,
2022 U.S. Dist. LEXIS 11516 (E.D.N.Y. Jan. 21, 2022) .................................................. 4,5,6

*Bocel v. Patzeria Family & Friends Inc.*, No. 21 Civ. 7384,
2022 U.S. Dist. LEXIS 69979 (S.D.N.Y. Apr. 15, 2022)................................................... 5

*Delk v. Harborview Health Sys. Inc.*, No. 24 CV 4269,
2025 LX 437107 (E.D.N.Y. Sept. 16, 2025) ....................................................................... 4,7,8

*Escamilla v. Uncle Paul's Pizza & Café Inc.*, No. 16 CV 06305,
2017 U.S. Dist. LEXIS 206731 (S.D.N.Y. May 18, 2017)................................................. 5

*Foster v. Food Emporium*, No. 99 CV 3860,
2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000)..................................................... 3

*Gaspar v. Personal Touch Moving, Inc.*, No. 13 CV 8187,
2014 U.S. Dist. LEXIS 129856 (S.D.N.Y. Sept. 15, 2014)................................................ 3

*Gonzalez v. Rana Poultry Corp.*, No. 24 CV 9592,
2026 LX 81003 (S.D.N.Y. Jan. 27, 2026) .......................................................................... 2

*Gonzalez v. Rana Poultry Corp.*, No. 24 CV 9592,
2026 LX 26092 (S.D.N.Y. Jan. 9, 2026) ............................................................................ 2

*Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77 (E.D.N.Y. 2025) ............................................ 4,5,8

*Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880,
2022 U.S. Dist. LEXIS 159160 (S.D.N.Y. Sept. 1, 2022)................................................. 5,7,8

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .............................................................. 2,3

*In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461,
2012 U.S. Dist. LEXIS 12641 (S.D.N.Y. Jan. 17, 2012).................................................... 8

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ..................................... 3

*Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237,
2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016)......................................................... 7

*Martinenko v. 212 Steakhouse Inc.*, No. 22 CV 518,
2022 U.S. Dist. LEXIS 76078 (S.D.N.Y. Apr. 26, 2022)................................................... 7

*Martinez v. JVA Indus.*, No. 20 CV 7977,
2021 U.S. Dist. LEXIS 66761 (S.D.N.Y. Apr. 6, 2021)..................................................... 6,8

*Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CV 8629,
2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sept. 16, 2013) .... 4,6

*Munoz v. The Group US Mgmt. LLC*, 348 F.R.D. 192 (S.D.N.Y. 2025) .... 4,7,9

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) .... 4

*Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292,
2023 U.S. Dist. LEXIS 22543 (S.D.N.Y. Feb. 9, 2023) .... 4

*Raniere v. Citigroup, Inc.*, 533 F. App'x 11 (2d Cir. 2013) .... 8

*Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294 (S.D.N.Y. 2011) .... 8

*Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 CV 8645,
2021 U.S. Dist. LEXIS 28542 (S.D.N.Y. Feb. 15, 2021) .... 6,8

*Singh v. Anmol Food Mart, Inc.*, No. 22 CV 5475,
2024 U.S. Dist. LEXIS 14475 (E.D.N.Y. Jan. 26, 2024) .... 5,6,7,8

*Vargas v. Black Forest Brew Haus, L.L.C.*, No. 15 CV 428,
2016 U.S. Dist. LEXIS 64901 (E.D.N.Y. May 17, 2016) .... 5

*Zimnicki v. Krysiak Constr. Corp.*, No. 21 CV 4634,
2022 U.S. Dist. LEXIS 230935 (E.D.N.Y. Sept. 27, 2022) .... 4,5,6,8

**Statutes, Rules, and Regulations**

29 U.S.C. § 207 .... 1

29 U.S.C. § 216 .... 2,3

29 U.S.C. § 255 .... 3,8

29 U.S.C. § 256 .... 3

Fed. R. Civ. P. 23 .... 3

## I. PRELIMINARY STATEMENT

Plaintiff Adem Badoglu was employed as a server at Askaray restaurant in Brooklyn, New York. Plaintiff has asserted a Fair Labor Standards Act ("FLSA") claim for unpaid overtime compensation on behalf of themselves and similarly situated non-exempt service employees (including servers, runners, bussers, and bartenders) who were employed at Askaray.[1] By this motion, Plaintiff respectfully requests that the Court (1) conditionally certify an FLSA collective consisting of all non-exempt Askaray service employees employed by Defendants on or after May 18, 2023; (2) order Defendants to produce certain identifying information about potential Opt-In Plaintiffs to facilitate the dissemination of notice of this action; and (3) approve Plaintiff's proposed notices and plan of notice.[2] Early certification and notice are appropriate and necessary to preserve potential Opt-In Plaintiffs' rights, as the FLSA statute of limitations continues to run on their claims until they opt in to this action.

## II. STATEMENT OF FACTS

Plaintiff filed this putative class and collective action asserting claims under the FLSA and New York Labor Law on May 18, 2026. (Dkt. No. 1.) Plaintiff was employed by Defendants as a server at their Brooklyn restaurant called Askaray from September 2022 to May 2024. (Compl. (Dkt. No. 1) ¶¶ 3, 5-7; Bagdolu Decl. ¶¶ 3-4.)

The FLSA requires employers to pay employees one and a half times their regular rate for hours worked in excess of 40 per week. 29 U.S.C. § 207(a). Defendants violated this requirement by failing to pay Plaintiff or other service employees one and a half times their regular rate for all

[1] Plaintiff has also asserted additional claims under New York law that are not the subject of the instant motion.

[2] With this motion, Plaintiff submits the July 1, 2026 declaration of D. Maimon Kirschenbaum ("Kirschenbaum Decl.") and exhibits thereto ("Ex. [number]") and the June 29, 2026 declaration of Adem Badoglu ("Badoglu Decl.").

overtime hours worked. (Badoglu Decl. ¶¶ 4-8; Compl. ¶¶ 23-25, 28, 33, 35-39.) Specifically, Defendants paid Plaintiff and other service employees a flat daily rate plus tips. (Badoglu Decl. ¶¶ 6-8; Compl. ¶ 25.) When Plaintiff and other service employees worked more than 40 hours in a week, Defendants paid them the same daily rate without any overtime premium, in violation of the FLSA. (Badoglu Decl. ¶¶ 6-8; Compl. ¶ 28.) *E.g.*, *Gonzalez v. Rana Poultry Corp.*, No. 24 CV 9592, 2026 LX 26092, at *3, 8-10, 11-12 (S.D.N.Y. Jan. 9, 2026) (recommending entry of default judgment on FLSA overtime claim where plaintiff was paid a day rate with no additional overtime pay), *adopted by* 2026 LX 81003 (Jan. 27, 2026). Plaintiff has identified two other servers who worked overtime and told him they were paid in the same manner, and another server sued Defendants in 2024 alleging that they paid her a flat daily rate with no overtime premium. (Badoglu Decl. ¶ 8; Ex. 3 ¶¶ 7, 30-35, 38-39, First Cause of Action.) In addition, employees have told Plaintiff that the restaurant continues to pay them a flat daily rate with no overtime premium to this day. (*Id.* ¶ 10.)

## III. ARGUMENT

### A. Legal Standard For Conditional Certification And Court-Authorized Notice

The FLSA contemplates the maintenance of collective actions by similarly situated employees. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought

under the same laws. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007) ("Collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources.").

"District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Gaspar v. Personal Touch Moving, Inc.*, No. 13 CV 8187, 2014 U.S. Dist. LEXIS 129856, at *9-10 (S.D.N.Y. Sept. 15, 2014) (quotation marks omitted); *see also Hoffman-La Roche*, 493 U.S. at 170-173 (ruling that timely notice is necessary to afford employees the opportunity to "make informed decisions about whether to participate" and assists the trial court in managing the joinder of potential collective members). "Employees must receive timely notice in order for the benefits of the [FLSA] collective action to accrue." *Cruz v. Hook-SupeRx, L.L.C.*, No. 09-cv-7717, 2010 U.S. Dist. LEXIS 81021, at *7 (S.D.N.Y. Aug. 5, 2010). Unlike absent class members in a Fed. R. Civ. P. 23 class action, potential collective members must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b). Unless otherwise tolled, the statute of limitations continues to run on each employee's claim until she files her written consent form with the Court. 29 U.S.C. §§ 255, 256(b). Time is of the essence because putative collective members' claims are diminished or extinguished every day. *Foster v. Food Emporium*, No. 99 CV 3860, 2000 U.S. Dist. LEXIS 6053, at *5 n.1 (S.D.N.Y. Apr. 26, 2000). Timely distribution of a notice of pendency alerting potential collective members of their right to opt-in an FLSA collective action is thus crucial.

"The Second Circuit has approved as 'sensible' a two-step method to certify FLSA collective actions. The first step — the current stage of this litigation — requires the district court to determine whether 'similarly situated' potential plaintiffs exist who should receive notice of the

pending FLSA action and opportunity to join it as plaintiffs." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 CV 8629, 2013 U.S. Dist. LEXIS 132777, at *8 (S.D.N.Y. Sept. 16, 2013) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)); *see also Delk v. Harborview Health Sys. Inc.*, No. 24 CV 4269, 2025 LX 437107, at *7 (E.D.N.Y. Sept. 16, 2025). At the second stage, following the completion of discovery, a court will "examine the evidentiary record to determine whether the opt-in plaintiffs are, in fact similarly situated." *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 95 (E.D.N.Y. 2025) (internal quotation marks omitted).

At the first stage, a plaintiff need only make a "modest factual showing that [the plaintiff] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Delk*, 2025 LX 437107, at *7 (cleaned up). "A showing that plaintiffs themselves were subjected to certain wage and hour practices . . . and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed collective" satisfies the plaintiffs' burden. *Munoz v. The Group US Mgmt. LLC*, 348 F.R.D. 192, 201 (S.D.N.Y. 2025) (cleaned up). Documents properly considered in this inquiry include "plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Gonzalez*, 764 F. Supp. 3d at 95-96 (cleaned up). "This is a low standard of proof, and if the Court determines that similarly situated employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective[.]" *Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292, 2023 U.S. Dist. LEXIS 22543, at *7 (S.D.N.Y. Feb. 9, 2023) (cleaned up). "[N]umerous courts have granted conditional certification based on the declaration and observations of only one individual." *Zimnicki v. Krysiak Constr. Corp.*, No. 21 CV 4634, 2022 U.S. Dist. LEXIS 230935, at *15-16 (E.D.N.Y. Sept. 27, 2022) (collecting cases); *see also Barron v. Casa Luis Corp.*, No. 20 CV 2713, 2022 U.S. Dist. LEXIS 11516, at *8

(E.D.N.Y. Jan. 21, 2022) ("[A]llegations in the pleadings and the personal observations of one plaintiff's affidavit [may be] sufficient to make the modest factual showing necessary to conditionally certify a class.") (cleaned up).

**B. Plaintiff Has Made The Modest Factual Showing Required For Conditional Certification**

Plaintiff has made the "modest factual showing" of similarly situated potential plaintiffs through the allegations in the complaint and his sworn. This evidence establishes that Plaintiff and putative collective members were similarly situated in that they were all subject to Defendants' common policy and practice of paying service employees shifts pay with no overtime premium. (Badoglu Decl. ¶¶ 4-8.) Plaintiff's attestation that two other servers who worked overtime told him that they were paid a flat day rate with no overtime premium is the same type of evidence that has been found sufficient to warrant conditional certification in other cases. *E.g.*, *Gonzalez*, 764 F. Supp. 3d at 101; *Barron*, 2022 U.S. Dist. LEXIS 11516, at *3-4, 9-12; *Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *8 (S.D.N.Y. Sept. 1, 2022); *Bocel v. Patzeria Family & Friends Inc.,* No. 21 Civ. 7384, 2022 U.S. Dist. LEXIS 69979, at *6-7 (S.D.N.Y. Apr. 15, 2022).

Accordingly, Plaintiff is entitled to conditional collective certification and notice. *E.g.*, *Singh v. Anmol Food Mart, Inc.*, No. 22 CV 5475, 2024 U.S. Dist. LEXIS 14475, at *5-6 (E.D.N.Y. Jan. 26, 2024) (plaintiff identified four coworkers subjected to the same pay practice); *Zimnicki*, 2022 U.S. Dist. LEXIS 230935, at *16-18 (plaintiffs' declarations stated that they spoke with other employees who said they did not receive overtime); *Escamilla v. Uncle Paul's Pizza & Café Inc.*, No. 16 CV 06305, 2017 U.S. Dist. LEXIS 206731, at *10-11 (S.D.N.Y. May 18, 2017) (plaintiff identified specific co-workers with whom he discussed FLSA violations); *Vargas v. Black Forest Brew Haus, L.L.C.*, No. 15 CV 428, 2016 U.S. Dist. LEXIS 64901, at *7-8 (E.D.N.Y. May 17,

2016) (plaintiff identified several co-workers who discussed defendants' practice of paying straight time for overtime hours worked).

### C. The Underlying Merits Of The Case Are Immaterial To The Determination Of Conditional Certification And Notice

Although Plaintiff has made a robust showing that Defendants failed to pay required overtime compensation, an in-depth analysis of the underlying merits is unnecessary and inappropriate at this time. At this early stage, the court does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Barron*, 2022 U.S. Dist. LEXIS 11516, at *14 (internal quotation marks omitted); *see also*, *e.g.*, *Martinez v. JVA Indus.*, No. 20 CV 7977, 2021 U.S. Dist. LEXIS 66761, at *10 (S.D.N.Y. Apr. 6, 2021); *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *9. "The focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated." *Zimnicki*, 2022 U.S. Dist. LEXIS 230935, at *11 (cleaned up).

Thus, any factual disputes or substantive legal arguments going to the merits that Defendants may raise should not be considered, much less resolved, at this early stage of the proceedings. *E.g.*, *Singh*, 2024 U.S. Dist. LEXIS 14475, at *5. Moreover, while there may be differences in the schedules, number of hours worked, and pay received by the members of the collective, such differences would be immaterial. "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, . . . as long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs." *Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 CV 8645, 2021 U.S. Dist. LEXIS 28542, at *14 (S.D.N.Y. Feb. 15, 2021) (cleaned up).

### D. The Proposed Notice Of Pendency Is Fair And Adequate

Attached as Exhibit 2 to the Kirschenbaum Declaration is Plaintiff's proposed Notice of Pendency and Consent to Join form (the "Notice") to be distributed by mail and email. "The district court has discretion regarding the form and content of the notice. *Singh*, 2024 U.S. Dist. LEXIS 14475, at *10 (cleaned up). In general, FLSA notices should contain:

> (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries.

*Munoz*, 348 F.R.D. at 207. Some courts also require an FLSA notice to "include a warning that opt-in plaintiffs may be required to provide information, appear for deposition, or testify in court." *Id*. The proposed Notice contains all this information and should be approved.

In addition, notice via text message is appropriate. *See*, *e.g.*, *Delk*, 2025 U.S. Dist. LEXIS 181430, at *22-23; *Singh*, 2024 U.S. Dist. LEXIS 14475, at *11; *Martinenko v. 212 Steakhouse Inc.*, No. 22 CV 518, 2022 U.S. Dist. LEXIS 76078, at *19 (S.D.N.Y. Apr. 26, 2022); *Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *13. To this end, Plaintiff has prepared a special, condensed Text Notice to be sent via text message. *See Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237, 2016 U.S. Dist. LEXIS 352, at *49 n.32, *58-59 (S.D.N.Y. Jan. 4, 2016) (authorizing distribution of a special text notice similar to that proposed by Plaintiff here). (Ex. 3 (Proposed Text Notice).) The proposed Text Notice will contain an internet address where the full Notice will be posted and available for review and/or download by Collective members.

### E. Notice Should Be Sent To All Putative Collective Members Who Worked For Defendants On Or After May 18, 2023

Plaintiffs respectfully request that the Court order the Notice and Text Notice to be sent to

all putative Collective members who worked for Defendants on or after May 18, 2023, which is three years before the filing of the initial Complaint in this action. The FLSA's statute of limitations is 3 years for willful violations. 29 U.S.C. § 255(a). Where, as here, a plaintiff has alleged that FLSA violations were willful (*see* Compl. ¶¶ 20-21), courts authorize notice for a three-year period. *E.g.*, *Delk*, 2025 U.S. Dist. LEXIS 181430, at *21-22; *Singh*, 2024 U.S. Dist. LEXIS 14475, at *7-8; *Zimnicki*, 2022 U.S. Dist. LEXIS 230935, at *27-30; *Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *11; *Martinez*, 2021 U.S. Dist. LEXIS 66761, at *14-15; *Ruiz*, 2021 U.S. Dist. LEXIS 28542, at *16-17. Accordingly, the FLSA's three-year statute of limitations is the appropriate notice period.

### F. Discovery of Potential Opt-In Plaintiffs' Names and Contact Information is Proper and Necessary

In order to provide potential opt-in plaintiffs with notice of the pendency of this lawsuit, Plaintiffs require discovery of the names, last known addresses, last known phone numbers, last known e-mail addresses, dates of employment, and position(s) held for those individuals. "As has been noted by a number of courts in this circuit, courts often grant this kind of request in connection with conditional certification of an FLSA collective action." *Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013); *see also*, *e.g.*, *Delk*, 2025 U.S. Dist. LEXIS 181430, at *24-25; *Zimnicki*, 2022 U.S. Dist. LEXIS 230935, at *36-40; *Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *13-14; *Martinez*, 2021 U.S. Dist. LEXIS 66761, at *15-16. Indeed, "[i]t is now commonplace in this Circuit to require the provision of personal contact information to class counsel for the purpose of notifying a class of a collective action and enabling class counsel to obtain relevant discovery." *In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461, 2012 U.S. Dist. LEXIS 12641, at *3-5 (S.D.N.Y. Jan. 17, 2012) (collecting cases). This information should be provided in Excel format. *See Gonzalez*, 764 F.

Supp. 3d at 107, *Munoz*, 348 F.R.D. at 207.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion in full.

Dated: New York, New York
July 1, 2026

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum

D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, New York 10006
(212) 688-5640

*Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum of law complies with the word-count limitation stated in SDNY Local Rule 7.1(c). Excluding the case caption, tables, this certification, and counsel's signature block, but including all footnotes, this brief contains 2,717 words. I make this certification using the word count feature of Microsoft Word.

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum