**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------x**
**ADEM BADOGLU, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**AKSARAY, INC., BAKI GUVEN, and YUSUF ALBARDAK,**

**Defendants.**
**---------------------------------------------------x**

**CASE NO. 26 CV 2945**

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
45 Broadway, Suite 320
New York, NY 10006

*Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

## TABLE OF CONTENTS


I. ARGUMENT .......... 1

A. Plaintiff's Motion Should Be Granted Because Defendants Do Not Dispute That He Has Made A Modest Factual Showing That He And Other Servers Are Similarly Situated..... 1

B. The Collective Should Consist Of All Service Employees Other Than Suzan Dogan Who Worked At Aksaray On Or After May 18, 2023 .......... 1

C. Plaintiff's Proposed Notice Should Be Approved .......... 6

D. Plaintiff's Proposed Plan Of Notice Should Be Approved, And Defendants Should Be Required To Produce All Requested Information Within 14 Days Of The Court's Order 7

E. Defendants Object To Relief Plaintiff Does Not Seek .......... 7

II. CONCLUSION .......... 8

## TABLE OF AUTHORITIES

**Cases**

*Ademi v. Cent. Park Boathouse, LLC*, No. 22 Civ. 6535,
2023 LX 45852 (S.D.N.Y. Sept. 25, 2023) ........ 5, 6

*Ai Min Ding v. Mask Pot Inc.*, 347 F.R.D. 417 (E.D.N.Y. 2024) ........ 3, 6, 7

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ........ 7

*Brown v. Siwanoy Country Club, Inc.*, No. 23 CV 6399,
2025 LX 477305 (S.D.N.Y. Sept. 29, 2025) ........ 4

*Cheng v. Via Quadronno LLC*, No. 20 CV 8903,
2021 U.S. Dist. LEXIS 182289 (S.D.N.Y. Sept. 21, 2023) ........ 6

*Cruz-Pena v. Great Kitchen Support Corp.*, No. 24 CV 6263,
2025 LX 235611 (E.D.N.Y. July 28, 2025) ........ 2

*Desir v. NYU Langone Health Sys.*, No. 19 Civ. 8144,
2020 U.S. Dist. LEXIS 194837 (S.D.N.Y. Oct. 19, 2020) ........ 5

*Gonzalez v. SBKU Serv. Inc.*, No. 23 CV 08797,
2025 LX 163530 (E.D.N.Y. Jan. 22, 2025) ........ 2

*Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77 (E.D.N.Y. 2025) ........ 5, 7

*Hernandez v. A Peaceful Corner, Inc.*, No. 26 CV 1637,
2026 LX 509988 (S.D.N.Y. Sept. 17, 2026) ........ 2

*Lee v. Sutherland Glob. Servs., Inc.*, No. 23 CV 6549,
2025 LX 398762 (W.D.N.Y. Aug. 22, 2025) ........ 2, 3

*MacKenzie v. Waypointe Partners Mgmt. LLC*, No. 22 CV 7951,
2025 LX 209698 (S.D.N.Y. Feb. 4, 2025) ........ 4

*Martinenko v. 212 Steakhouse Inc.*, No. 22 CV 518,
2022 U.S. Dist. LEXIS 76078 (S.D.N.Y. Apr. 26, 2022) ........ 4

*Martinez v. JVA Indus.*, No. 20 CV 7977,
2021 U.S. Dist. LEXIS 66761 (S.D.N.Y. Apr. 6, 2021) ........ 1

*Placinta v. Grazina Pilka, Inc.*, No. 16 CV 4272,
2018 U.S. Dist. LEXIS 179222 (E.D.N.Y. Sept. 21, 2018) ........ 2, 3, 4

*Qian Wang v. Kirin Transp. Inc.*, No. 20 CV 5410,
2022 U.S. Dist. LEXIS 3599 (E.D.N.Y. Jan. 7, 2022) ........ 2

*Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 CV 8645,
2021 U.S. Dist. LEXIS 28542 (S.D.N.Y. Feb. 15, 2021) .................................................... 2

*Singh v. Anmol Food Mart, Inc.*, No. 22 CV 5475,
2024 U.S. Dist. LEXIS 14475 (E.D.N.Y. Jan. 26, 2024) .................................................... 5, 7

*Tzu-Hsiang Tung v. Banzai Steakhouse Inc.*, No. 22 CV 5750,
2023 U.S. Dist. LEXIS 159546 (S.D.N.Y. Sept. 8, 2023) .................................................. 4

*Whiteside v. Hover-David, Inc.*, 995 F.3d 315 (2d Cir. 2021) ........................................................ 3, 4

*Yingcai Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117 (S.D.N.Y. 2022) ...................................... 3

*Zimnicki v. Krysiak Constr. Corp.*, No. 21 CV 4634,
2022 U.S. Dist. LEXIS 230935 (E.D.N.Y. Sept. 27, 2022) ................................................ 5

Plaintiff submits this reply memorandum of law in further support of his motion for conditional collective certification.[1]

## I. ARGUMENT

### A. Plaintiff's Motion Should Be Granted Because Defendants Do Not Dispute That He Has Made A Modest Factual Showing That He And Other Servers Are Similarly Situated

Defendants do not dispute that Plaintiff has made the necessary modest factual showing that he and other servers at Aksaray restaurant "together were victims of a common policy or plan that violated the law." *Martinez v. JVA Indus.*, No. 20 CV 7977, 2021 U.S. Dist. LEXIS 66761, at *6 (S.D.N.Y. Apr. 6, 2021). (Defs.' Mem. at 9-10 (arguing that the collective definition should be limited to servers).) Specifically, they were victims of Defendants common policy and plan of paying servers a day rate without paying an overtime premium when they worked more than 40 hours a week.[2] (Pl.'s Mem. at 1-6.) Plaintiff agrees with Defendants that server was the sole service position at Aksaray and therefore the collective should consist of servers who worked at the restaurant during the relevant time period.

### B. The Collective Should Consist Of All Service Employees Other Than Suzan Dogan Who Worked At Aksaray On Or After May 18, 2023

The collective should consist of – and notice should be mailed to – all servers other than Suzan Dogan who worked at Aksaray on or after May 18, 2023, which is three years before Plaintiff filed the complaint in this action. Defendants' request to exclude servers "who ha[ve] executed a release of the claims asserted in this action" should be denied, except for Suzan Dogan, whose acceptance of an offer of judgment and the resulting release are a matter of public record,

[1] With this memorandum, Plaintiff submits his September 23, 2026 declaration ("Badoglu Reply Decl."). As used herein, "Badoglu Decl." refers to Plaintiff's June 29, 2026 declaration submitted with his moving papers, "Defs.' Mem" refers to Defendants' opposition brief, and "Pl.'s Mem." refers to Plaintiff's moving brief.

[2] As the only claim that Plaintiff seeks to certify is an FLSA overtime claim, Defendants' repeated references in their brief to the minimum wage are misplaced. (Defs.' Mem. at 4, 6, 7.)

and whose exclusion Plaintiff does not oppose. (Defs.' Mem. at 13.) *See Dogan v. Aksaray, Inc.*, No. 24 CV 6362 (E.D.N.Y. Apr. 22, 2025) (Dkt. No. 23). Defendants have not identified anyone else who they contend has released claims against Defendants, and no other servers should be excluded from the collective. "[C]ourts in the Second Circuit are generally uniform in the view that considering the release of FLSA claims through a prior settlement is not appropriate at the conditional certification stage." *Lee v. Sutherland Glob. Servs., Inc.*, No. 23 CV 6549, 2025 LX 398762, at *23 (W.D.N.Y. Aug. 22, 2025). Thus, the "better course would be to analyze the potentially preclusive effects of any prior settlement agreements if and when such evidence is properly before the Court." *Qian Wang v. Kirin Transp. Inc.*, No. 20 CV 5410, 2022 U.S. Dist. LEXIS 3599, at *31 (E.D.N.Y. Jan. 7, 2022).

Defendants make two meritless objections to the time period of the collective which should be rejected: (1) any FLSA violations were not willful, and the statute of limitations for non-willful violations is two years; and (2) Plaintiff did not work throughout the collective period.

First, it is proper to apply the three-year statute of limitations period for willful FLSA violations in defining the scope of the collective. Plaintiff's complaint alleges that Defendants' overtime violations were willful. (Compl. ¶ 9, 20, 37, 38.) "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Gonzalez v. SBKU Serv. Inc.*, No. 23 CV 08797, 2025 LX 163530, at *18 (E.D.N.Y. Jan. 22, 2025) (internal quotation marks omitted); *see also*, *e.g.*, *Hernandez v. A Peaceful Corner, Inc.*, No. 26 CV 1637, 2026 LX 509988, at *9-10 (S.D.N.Y. Sept. 17, 2026); *Cruz-Pena v. Great Kitchen Support Corp.*, No. 24 CV 6263, 2025 LX 235611, at *24 (E.D.N.Y. July 28, 2025); *Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 CV 8645, 2021 U.S. Dist. LEXIS 28542, at *16-17 (S.D.N.Y. Feb. 15, 2021); *see also Placinta v. Grazina*

*Pilka, Inc.*, No. 16 CV 4272, 2018 U.S. Dist. LEXIS 179222, at *37 (E.D.N.Y. Sept. 21, 2018) ("At the conditional certification stage, a plaintiff need not provide evidence sufficient to establish willfulness in order for the three-year period to be utilized for notification purposes.") (internal quotation marks omitted).

Defendants' attack on the sufficiency of the Complaint's allegations regarding willfulness is not relevant to the instant motion. *Whiteside v. Hover-David, Inc.*, 995 F.3d 315 (2d Cir. 2021), relied upon by Defendants, was about the pleading standard applied on a motion to dismiss.

> But the Court of Appeals [in *Whiteside*] did not address this standard in the context of a motion for conditional certification. Indeed, even after *Whiteside*, the courts within this Circuit that have addressed this issue have continued to follow prior precedent and held that where willfulness is disputed, it is appropriate to look to the three-year period in determining the scope of a collective action.

*Yingcai Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 130 (S.D.N.Y. 2022) (internal quotation marks omitted); *see also*, *e.g.*, *Lee*, No. 23 CV 6549, 2025 LX 398762, at *25-26 (rejecting defendants' argument that the two year statute of limitations applied to a collective because the plaintiff did not adequately allege willfulness and noting that "motions to dismiss are analyzed under a different standard than motions for conditional certification"). As Defendants have not moved to dismiss Plaintiff's FLSA claim (Defs.' Mem. at 7), their argument that his individual claim is untimely is a merits argument that cannot be reached on this motion.[3] *See Placinta*, 2018 U.S. Dist. LEXIS 179222, at *19-20 (rejecting defendants' argument that plaintiff's claim was untimely because that "go[es] to the ultimate merits of the claims – something to be resolved either at summary judgment, or in stage two of the collective certification inquiry – and are not pertinent

---

[3] Similarly, Defendants' disputes regarding Plaintiff's hours worked raise a merits issue that cannot be considered on this motion. *Ai Min Ding v. Mask Pot Inc.*, 347 F.R.D. 417, 427 (E.D.N.Y. 2024). That being said, while Defendants contend that "Plaintiff seldom worked more than forty hours in a workweek[,]" they admit that they paid Plaintiff a daily rate rather than an hourly rate and do not contend that they ever paid Plaintiff an overtime premium. (Defs.' Mem. at 4.) As "seldom" does not mean "never," Defendants effectively concede that Plaintiff sometimes worked overtime, and they did not pay him an overtime premium when he did, in violation of the FLSA.

to the conditional certification analysis.") (internal quotation marks omitted); *id.* at *36-37; *see also Tzu-Hsiang Tung v. Banzai Steakhouse Inc.*, No. 22 CV 5750, 2023 U.S. Dist. LEXIS 159546, at *19 (S.D.N.Y. Sept. 8, 2023) ("Courts uniformly apply the three-year time period for notice in the interests of reaching all similarly situated employees and on the theory that whether a violation is willful involves the merits and should not dictate who receives notice.") (internal quotation marks omitted).

In any event, Plaintiff has submitted facts beyond the allegations in the complaint that support a finding of willfulness. "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Whiteside*, 995 F.3d at 324 (internal quotation marks omitted). Here, on numerous occasions Plaintiff told Defendant Baki Guven, an owner of Aksaray, that his pay rate was illegal and asked to be paid the full legal rate. However, Guven refused to do so. (Badoglu Reply Decl. ¶¶ 3-4.) A history of unheeded complaints about unlawful pay practices is sufficient to show willfulness, even where the complaints do not specify the legal violation. *E.g.*, *Brown v. Siwanoy Country Club, Inc.*, No. 23 CV 6399, 2025 LX 477305, at *13-14 (S.D.N.Y. Sept. 29, 2025); *MacKenzie v. Waypointe Partners Mgmt. LLC*, No. 22 CV 7951, 2025 LX 209698, at *13-14 (S.D.N.Y. Feb. 4, 2025). Accordingly, the Court should reject Defendants' argument that Plaintiff's motion should be denied because Plaintiff's individual claim is untimely.

Defendants' argument that the collective period should be limited to the period of Plaintiff's employment is also meritless. A plaintiff's employment and observations during a "substantial" portion of the collective period are "sufficient . . . to be able to establish that there was a common policy and practice of FLSA violation" and issue notice for the full three-year period, including time outside the plaintiff's period of employment. *Martinenko v. 212 Steakhouse*

*Inc.*, No. 22 CV 518, 2022 U.S. Dist. LEXIS 76078, at *16 (S.D.N.Y. Apr. 26, 2022). To be sure, courts routinely grant conditional certification and authorize notice to be sent to employees who worked at any point during the FLSA statute of limitations period, including up to the present, even though the named plaintiff did not work throughout the entire period. *E.g.*, *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 91-92, 105 (E.D.N.Y. 2025) (approving three-year collective period where plaintiff worked for roughly one month); *Singh v. Anmol Food Mart, Inc.*, No. 22 CV 5475, 2024 U.S. Dist. LEXIS 14475, at *2, 8 (E.D.N.Y. Jan. 26, 2024) (same); *Zimnicki v. Krysiak Constr. Corp.*, No. 21 CV 4634, 2022 U.S. Dist. LEXIS 230935, at *5-7, 29-30 (E.D.N.Y. Sept. 27, 2022) (authorizing notice to be sent to employees who worked on or after three years prior to the filing of the complaint where plaintiffs stopped working over two years before the date of the order); *Desir v. NYU Langone Health Sys.*, No. 19 Civ. 8144, 2020 U.S. Dist. LEXIS 194837, at *2-3, 23 (S.D.N.Y. Oct. 19, 2020) (certifying collective running to the present where plaintiff worked in position at issue for five months over two years before certification order).

The one case Defendants cite in support of their argument that the collective period should not extend beyond Plaintiff's employment, *Ademi v. Cent. Park Boathouse, LLC*, No. 22 Civ. 8535, 2023 LX 45852 (S.D.N.Y. Sept. 25, 2023), is not on point. (Defs.' Mem. at 11.) The plaintiff in *Ademi* worked for a restaurant until its closure. 2023 LX 45852, at *3-4. The restaurant subsequently reopened under new management. *Id.* at *3-4, 17. Because the new management was not a defendant (and the plaintiff provided no evidence regarding pay practices under the new management), the court found that employees who worked solely under the new management were not similarly situated to the plaintiff and limited the collective to employees who worked under

the defendants' management. *Id*. at *17. This sensible conclusion has no bearing on Plaintiff's motion, where the same Defendants operated Aksaray at all relevant times.

In any event, Plaintiff has presented evidence that Defendants' unlawful pay practices continued beyond the end of his employment. Plaintiff has identified a server named Didem Ekici as an employee who told him that she was paid a flat daily rate with no overtime premium in 2026. (Badoglu Reply Decl. ¶ 5; *see also* Badoglu Decl. ¶ 10.) In addition, the complaint in *Dogan v. Aksaray, Inc.*, No. 24 CV 6362 (E.D.N.Y.) alleged that server Suzan Dogan was paid a flat daily rate to the end of her employment in June 2024, which was after Plaintiff's employment ended. (Ex. 3 ¶¶ 7, 30-33.) This is sufficient to warrant certifying a collective including servers working to the present. *See*, *e.g.*, *Ai Min Ding*, 347 F.R.D. at 427.

**C. Plaintiff's Proposed Notice Should Be Approved**

Plaintiff's proposed notice is similar to notices that are routinely approved in this District, and it should be approved. Defendants raise a single objection to the proposed notice: they ask for their counsel's contact information to be included. That request should be rejected. "[T]here is no compelling reason why the notice should include Defendants' contact information, as it would be inappropriate for any opt-in plaintiff to contact Defendants' lawyers directly." *Cheng v. Via Quadronno LLC*, No. 20 CV 8903, 2021 U.S. Dist. LEXIS 182289, at *16 (S.D.N.Y. Sept. 21, 2023). If the Court finds it appropriate to reference Defendants' counsel in the notice, that reference should be in line with the language approved in other cases, namely, "Defendants are represented by Akin & Salaman, PLLC. If you choose to join this case, you should not contact the Defendants' lawyers directly yourself." *Id*. at *16-17. As this is the only issue Defendants have raised to Plaintiff's proposed notice, there is no reason to require the parties to meet and confer about content of the notice, which would serve solely to delay the dissemination of notice.

Instead, the Court should approve Plaintiff's notice after resolving the dispute regarding Defendants' counsel's contact information and subject to changing the collective definition to include servers only.

**D. Plaintiff's Proposed Plan Of Notice Should Be Approved, And Defendants Should Be Required To Produce All Requested Information Within 14 Days Of The Court's Order**

Defendants do not object to Plaintiff's proposed methods of notice: mail, email, and text message. Accordingly, all of those methods should be approved. While Defendants object to providing putative collective members' phone numbers, email addresses, dates of employment, and position(s) held (Defs.' Mem. at 12), phone numbers and email addresses are necessary in order to provide notice via email and text message. Moreover, courts "commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (internal quotation marks omitted); *see also*, *e.g.*, *Gonzalez*, 764 F. Supp. 3d at 107; *Ai Min Ding*, 347 F.R.D. at 437; *Singh*, 2024 U.S. Dist. LEXIS 14475, at *9-10. As the collective will be relatively small (*see* Defs.' Mem. at 2 (describing Aksaray as a "small restaurant"), Defendants should produce that information within 14 days of the Court's order. *Singh*, 2024 U.S. Dist. LEXIS 14475, at *10.

**E. Defendants Object To Relief Plaintiff Does Not Seek**

Defendants assert that they should not be required to post notice at their place of business and that equitable tolling is not warranted. (Defs.' Mem. at 13-14.) However, Plaintiff's motion does not seek posted notice or equitable tolling. Accordingly, these arguments are irrelevant.

## II. CONCLUSION

For the reasons set forth herein and in Plaintiff's moving papers, the Court should grant hi motion for conditional certification of the FLSA collective.

Dated: New York, New York
September 30, 2026

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise A. Schulman
45 Broadway, Suite 320
New York, New York 10006
(212) 688-5640

*Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum of law complies with the word-count limitation stated in SDNY Local Rule 7.1(c). Excluding the case caption, tables, this certification, and counsel's signature block, but including all footnotes, this brief contains 2,421 words. I make this certification using the word count feature of Microsoft Word.

/s/ Denise A. Schulman
Denise A. Schulman